IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY, as subrogee of Duane and Kelly Roberts, | ) ) ) ) ) | CIVIL 16-00111 LEK-RLP |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DUROFIX, INC., | ) ) | |
| Defendant. | ) ) | |
| DUROFIX, INC., | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| E-ONE MOLI ENERGY CORP., | ) ) | |
| Third-Party Defendant. | ) ) ) | |

**ORDER GRANTING SPECIALLY APPEARING THIRD-PARTY**
<u>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**</u>

Specially Appearing Third-Party Defendant E-One Moli Energy Corp. ("E-One") filed its Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") on January 25, 2018. [Dkt. no. 115.] Defendant/Third-Party Plaintiff Durofix, Inc. ("Durofix") filed its memorandum in opposition on February 12, 2018, and E-One filed its reply on February 16, 2018. [Dkt. nos. 122, 123.] This matter came on for hearing on March 5,

2018. On March 27, 2018, an entering order was issued ruling on the Motion. [Dkt. no. 132.] The instant Order supersedes that ruling. E-One's Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

On March 11, 2016, Plaintiff Commerce and Industry Insurance Co. ("Commerce and Industry"), as subrogee of Duane and Kelly Roberts ("Insureds"), filed its Complaint. [Dkt. no. 1.] On January 12, 2018, Commerce and Industry filed its First Amended Complaint, which alleges a Durofix LED outlet light, Model No. RL435, caused a fire on March 14, 2014, which damaged the Insureds' home in Kihei, Hawai`i ("Subject Light" and, generally "RL435 LED Lights"). [Dkt. no. 109 at ¶¶ 8-12.] According to Durofix, the Subject Light "was designed, manufactured and/or sold by others, including" Defendants Regitar USA, Inc. ("Regitar"), Mobiletron Electronic Co., Ltd. ("Mobiletron"), and Mobiletron Electronics (Ningbo) Co., Ltd. ("Mobiletron Ningbo"). [Id. at ¶ 14.] The fire caused damage requiring Commerce and Industry to pay $1,385,329.84 to the Insureds. [Id. at ¶ 16.] As a result, Commerce and Industry has become subrogated to the Insureds' rights against the at-fault parties. [Id. at ¶ 17.]

On January 17, 2017, the magistrate judge granted Durofix leave to file a third-party complaint. [Minutes, dkt.

2

no. 47.]  On January 20, 23, and 25, 2017, respectively, Durofix filed its Third-Party Complaint, First Amended Third-Party Complaint, and Second Amended Third-Party Complaint against E-One.  [Dkt. nos. 54, 56, 59.]  According to the Second Amended Third-Party Complaint, E-One "manufactured, supplied, distributed, and/or sold the battery" which caused the Subject Light to catch fire.  [Dkt. no. 59 at ¶ 3.]  Durofix demands contribution or indemnity from E-One for any judgment arising from Commerce and Industry's Complaint.  [Id. at ¶¶ 6-7.]

According to Durofix, the RL435 LED Lights were manufactured by Mobiletron, a Taiwan corporation.  In March 2009, Mobiletron purchased 300,000 lithium-ion batteries from E-One to manufacture the RL435 LED Lights.  [Mem. in Opp., Decl. of Chad P. Love ("Love Decl."), Exh. 5 (Decl. of Isaac Shih ("Shih Decl.")) at ¶¶ 3-4.[1]]  Mobiletron distributed the RL435 LED Lights to Costco Wholesale ("Costco") in Washington and Alabama. Costco distributed the RL435 LED Lights to its retail stores in Hawai`i and sold the RL435 LED Lights to Hawai`i consumers.  [Id. at ¶ 24.]

---

[1] Isaac Shih is "the Representative and Officer of Mobiletron Electronics Co., Ltd."  [Shih Decl. at ¶ 3.]  The Shih Declaration is silent as to any involvement of Mobiletron Ningbo. E-One points out that Durofix is seeking to rely on Mobiletron's statements, and argues the Shih Declaration "is inadmissible unsubstantiated hearsay from a witness with no personal knowledge."  [Reply at 4 (citing Fed. R. Evid. 602, 701, 802).] In light of the Court's disposition of the Motion, E-One's evidentiary objections are not reached.

3

In the instant Motion, E-One argues the Second Amended Third-Party Complaint must be dismissed for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). E-One states it is a corporation formed under the laws of Taiwan. Its corporate headquarters and manufacturing facilities are located exclusively in Taiwan. E-One contends it has no contacts with Hawai`i, and specifically states that, in Hawai`i, it has never: manufactured products; sold or distributed any products; had employees; been licensed to do business; had an agent for service of process; paid taxes; had a business address or telephone number; owned or leased any real property; had a bank account; or consented to, or waived, personal jurisdiction. [Motion, Decl. of Yin-Chang Hsiao ("Hsiao Decl.") at ¶¶ 2-18.[2]]

**STANDARD**

Rule 12(b)(2) allows a defendant to assert the defense of lack of personal jurisdiction by motion. This Court has stated:

> A plaintiff has the burden of establishing personal jurisdiction over a nonresident defendant. See Love v. Associated Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff must establish personal jurisdiction over a defendant with respect to each claim. Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004) ("Personal jurisdiction must exist for each claim asserted against a

---

[2] Yin-Chang Hsiao is E-One's associate general manager. [Hsiao Decl. at ¶ 1.]

>    defendant." (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)).
>
>    When, as here, a district court acts on a motion to dismiss without holding an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Love, 611 F.3d at 608; Schwarzenegger, 374 F.3d at 800. Although a plaintiff may not simply rest on the bare allegations of the complaint, uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits or declarations must be resolved in the plaintiff's favor. See Love, 611 F.3d at 608; Schwarzenegger, 374 F.3d at 800.

Barranco v. 3D Sys. Corp., 6 F. Supp. 3d 1068, 1076 (D. Hawai`i 2014) (citation omitted).

**DISCUSSION**

**I.  Preliminary Matters**

Before addressing the merits of the Motion, the Court addresses the filing of other relevant pleadings. On January 4, 2018, Commerce and Industry was granted leave to file an amended complaint adding Regitar, Mobiletron, and Mobiletron Ningbo as defendants, and on January 12, 2018, filed its First Amended Complaint. [Dkt. nos. 108, 109.] On February 2, 2018, a week after E-One had filed the instant Motion, Durofix filed its answer to the First Amended Complaint, and its Third-Party Complaint Against E-One Moli Energy Corp. ("2/2/18 Third-Party Complaint"). [Dkt. nos. 117, 118]. The 2/2/18 Third-Party Complaint was not mentioned in Durofix's memorandum in

opposition, in E-One's reply, or at the March 5, 2018 hearing on the Motion.

In the 2/2/18 Third-Party Complaint, Durofix alleges entitlement to contribution or indemnity from E-One for any judgment arising from Commerce and Industry's First Amended Complaint. [2/2/18 Third-Party Complaint at ¶¶ 5-7.] Durofix continues to allege the same basis for personal jurisdiction over E-One. Compare id. at ¶ 4 with Second Amended Third-Party Complaint, filed 1/25/17 (dkt. no. 59), at ¶ 4.

"Because a party can waive personal jurisdiction, [a court is] not required to consider it sua sponte." Pakootas v. Teck Cominco Metals, Ltd., 452 F.3d 1066, 1076 (9th Cir. 2006). E-One has not waived personal jurisdiction, and the parties have fully briefed and argued the issue of whether Durofix has established jurisdiction for purposes of its claims for contribution and indemnification against E-One. In addition, in light of the filing of the 2/2/18 Third-Party Complaint, the Second Amended Third-Party Complaint is considered to be non-existent. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (en banc) (stating that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent" (citations and internal quotation marks omitted)). The Court therefore exercises its discretion to consider whether Durofix has established personal jurisdiction over E-One for

purposes of its 2/2/18 Third-Party Complaint.  See, e.g. Foley v. Marquez, No. C 03-2481 SI, 2004 WL 603566, at *1 (N.D. Cal. Mar. 22, 2004) (dismissing sua sponte action against certain defendants for lack of personal jurisdiction).

## II. **General Jurisdiction**

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)).  But "'mere purchases [made in the forum State], even if occurring at regular intervals, are not enough to warrant a State's assertion of [general] jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions.'"  Id. at 929 (alterations in Goodyear) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984)).  According to Durofix, certain power tools containing E-One batteries are sold at The Home Depot in Honolulu, Hawai`i.  [Love Decl., Exh. 9 (Decl. of Marie Justine Ganoot ("Ganoot Decl.")) at ¶ 4.[3]]

---

[3] Marie Justine Ganoot, a paralegal for Durofix's counsel, conducted online research regarding where products containing E-One batteries are sold in Hawai`i.  [Ganoot Decl. at ¶¶ 1-2.] The Ganoot Declaration was originally filed on December 14, 2017,
(continued...)

Durofix does not contend The Home Depot's Hawai`i sales of certain power tools are related to its cause of action against E-One. Therefore, even regular sales of such power tools in Hawai`i are insufficient to warrant an assertion of general jurisdiction over E-One in Hawai`i. See Goodyear, 564 U.S. at 929.

Durofix also points to E-One's website. The website is accessible in Hawai`i and describes E-One as a leading battery manufacturer, capable of supplying customers worldwide. [Love Decl., Exh. 7 (screenshots of E-One website).] However, E-One's maintenance of a website accessible in Hawai`i is insufficient to establish general jurisdiction in Hawai`i. See CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1075-76 (9th Cir. 2011) ("If the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, the eventual demise of all restrictions on the personal jurisdiction of state courts would be the inevitable result." (internal quotation marks and citation omitted)). Further, because regular purchases in the forum state are insufficient to establish general jurisdiction, E-One's stated willingness to supply customers worldwide is likewise insufficient to establish general jurisdiction in Hawai`i. See

---

[3](...continued)
in connection with a motion to compel. [Love Decl. at ¶ 9 (citing Doc. #100-6).]

Goodyear, 564 U.S. at 929. Durofix has not shown E-One is "essentially at home" in Hawai`i, and therefore has not shown an assertion of general jurisdiction over E-One is warranted in the forum of Hawai`i. See id. at 919.

## III. **Specific Jurisdiction**

Specific jurisdiction may be established by "the commission of certain 'single or occasional acts' in a State . . . sufficient to render a corporation answerable in that State with respect to those acts, though not with respect to matters unrelated to the forum connections." Id. at 923 (quoting International Shoe, 326 U.S. at 318). In evaluating specific jurisdiction, the United States Supreme Court

> has inquired whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed.2d 1283 (1958). See, e.g., World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (Oklahoma court may not exercise personal jurisdiction "over a nonresident automobile retailer and its wholesale distributor in a products-liability action, when the defendants' only connection with Oklahoma is the fact that an automobile sold in New York to New York residents became involved in an accident in Oklahoma"); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (franchisor headquartered in Florida may maintain breach-of-contract action in Florida against Michigan franchisees, where agreement contemplated on-going interactions between franchisees and franchisor's headquarters); Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102, 105, 107 S. Ct. 1026,

9

> 94 L. Ed. 2d 92 (1987) (Taiwanese tire
> manufacturer settled product liability action
> brought in California and sought indemnification
> there from Japanese valve assembly manufacturer;
> Japanese company's "mere awareness . . . that the
> components it manufactured, sold, and delivered
> outside the United States would reach the forum
> State in the stream of commerce" held insufficient
> to permit California court's adjudication of
> Taiwanese company's cross-complaint); id., at 109,
> 107 S. Ct. 1026 (opinion of O'Connor, J.); id., at
> 116-117, 107 S. Ct. 1026 (Brennan, J., concurring
> in part and concurring in judgment).

Id. at 924-25 (alterations in Goodyear) (some citations omitted).

Durofix argues specific jurisdiction is established because, when E-One placed its batteries into the stream of commerce, E-One knew some would be purchased or used by consumers in Hawai`i. Specifically, Durofix asserts: when E-One sold 300,000 batteries to Mobiletron, E-One knew Mobiletron planned to ship the assembled RL435 LED Lights to Costco, which would distribute the RL435 LED Lights in Hawai`i. [Shih Decl. at ¶¶ 10, 16-17.] Durofix does not contend E-One brought the RL435 LED Lights to Hawai`i or sold them directly to Hawai`i consumers.

The foreseeability to E-One that consumers would bring any of the RL435 LED Lights to Hawai`i is insufficient to establish specific jurisdiction. See World-Wide Volkswagen, 444 U.S. at 297 ("the foreseeability . . . that a product will find its way into the forum State" is not sufficient to establish specific jurisdiction). In World-Wide Volkswagen, consumers purchased an automobile and drove it to forum state. Id. at 288.

10

Further, specific jurisdiction is not established when a foreign manufacturer's forum contacts are limited to knowing others will distribute its product in the forum state. See Williams v. Yamaha Motor Co., 851 F.3d 1015, 1023 & n.3 (9th Cir. 2017).

In Williams, the Ninth Circuit stated exercising specific jurisdiction

> over a non-resident defendant requires that the defendant "have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154 (internal quotation marks omitted). In order for a court to have specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore, --- U.S. ----, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). The relationship between the defendant and the forum state "must arise out of contacts that the 'defendant [itself]' creates with the forum State." Id. at 1122 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Additionally, the requisite "minimum contacts" must be "with the forum State itself, not . . . with persons who reside there." Id.
>
> We will exercise specific jurisdiction over a non-resident defendant only when three requirements are satisfied: (1) the defendant either "purposefully direct[s]" its activities or "purposefully avails" itself of the benefits afforded by the forum's laws; (2) the claim "arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice, i.e., it [is] reasonable." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

Id. at 1022-23 (alterations in Williams).

The first <u>Williams</u> prong, purposeful direction or targeting of the forum, is not satisfied. In <u>Williams</u>, the plaintiffs sued the foreign manufacturer of a defective boat motor and its wholly-owned United States subsidiary and distributor. <u>Id.</u> at 1019. The foreign manufacturer itself had no contacts with the forum state, aside from its ties to the domestic distributor. <u>Id.</u> at 1023. The Ninth Circuit held a domestic distributor's forum contacts are not automatically attributed to its foreign parent corporation. <u>Id.</u> at 1024-25. The pertinent inquiry is whether the foreign manufacturer itself has purposely directed any activity at the forum state, such as by engaging in solicitation or promotional conduct targeting the forum state, or by actively directing the efforts of forum state distributors. <u>Id.</u> at 1023 & n.3.

The Hawai`i contacts of other corporations, which distributed the RL435 LED Lights, are not automatically attributed to E-One. <u>See</u> <u>id.</u> at 1023-25. Distributors of the RL435 LED Lights were not agents of E-One.[4] <u>See</u> <u>id.</u> at 1024-25.

---

[4] <u>Williams</u> did not foreclose the theoretical possibility that the forum contacts of a domestic subsidiary could be attributed to its foreign parent on an agency theory. <u>See</u> 851 F.3d at 1024-25 (declining to announce a standard for sufficiently establishing such an agency theory, but stating that the standard would at least require "the parent company [to] have the right to substantially control its subsidiary's activities"). In this case, Durofix does not contend, or present evidence showing, that the distributors of the RL435 LED Lights were agents of E-One.

At most, Durofix shows E-One placed its batteries into the stream of commerce and expected to benefit from other corporations' plans to sell the RL435 LED Lights in Hawai`i.  Without more, this does not show E-One purposefully directed any activity at Hawai`i and is insufficient to satisfy the first <u>Williams</u> prong.  <u>See</u> <u>id.</u> at 1023 (a defendant's forum contacts "must arise out of contacts that the 'defendant [itself]' creates with the forum State" (alteration in <u>Williams</u>) (quoting <u>Walden</u>, 134 S. Ct. at 1122)).  Because all three of the <u>Williams</u> prongs must be met to establish specific jurisdiction, it is not necessary to address the second and third prongs.  Durofix has failed to establish specific jurisdiction over E-One.

Because Durofix fails to establish either general jurisdiction or specific jurisdiction over E-One, its 2/2/18 Third-Party Complaint must be dismissed.  <u>See</u> Rule 12(b)(2).  Because any amendment would be futile, the dismissal must be with prejudice.  <u>See</u> <u>Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.</u>, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation and internal quotation marks omitted)).

**CONCLUSION**

On the basis of the foregoing, E-One's Motion to Dismiss for Lack of Personal Jurisdiction, filed January 25, 2018, is HEREBY GRANTED insofar as Durofix's Third-Party Complaint Against E-One Moli Energy Corp., filed February 2, 2018, [dkt. no. 118,] is HEREBY DISMISSED WITH PREJUDICE. E-One's Motion to Dismiss Defendant Durofix, Inc.'s Third-Party Complaint for Lack of Personal Jurisdiction, filed April 3, 2018, [dkt. no. 154,] is HEREBY DENIED AS MOOT.

E-One's Motion to Dismiss Defendant Regitar USA, Inc.'s Cross-Claim for Lack of Personal Jurisdiction, also filed April 3, 2018, [dkt. no. 155,] and Regitar's Motion to Dismiss for Lack of Personal Jurisdiction, filed April 4, 2018, [dkt. no. 159,] remain set for hearing on **June 18, 2018 at 9:45 am.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 18, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**COMMERCE AND INDUSTRY INSURANCE COMPANY VS. DUROFIX, ETC; CIVIL 16-00111 LEK-RLP; ORDER GRANTING SPECIALLY APPEARING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**